SCATENA et al. v. CAFFEY, U. S. Atty., et al.

(District Court, S. D. New York. August 20, 1919.)

INTOXICATING LIQUORS ☞2½, New, vol. 8A Key-No. Series—WAR PROHIBITION ACT CONSTITUTIONAL.

War Prohibition Act *held* constitutional, as within the war powers of Congress in dealing with conditions growing out of the termination of hostilities and demobilization.

In Equity. Suit by Sylvester Scatena and others against Francis G. Caffey, United States Attorney for the Southern District of New York, and another. On motion for preliminary injunction. Denied.

The complainant moves for an injunction pendente lite. The suit is to restrain seizures and prosecutions under the Act of Congress of November 21, 1918 (chapter 212), commonly known as the War Prohibition Act, on the ground that the present enforcement of that act is unconstitutional, for the reason that the emergency purporting to justify the enforcement of the war power no longer exists. The complainants are owners of vineyards in California, the crops of which are not adapted to consumption as fruit, and are suitable only for the manufacture of wines. The complainants manufacture wines from these vineyards and sell the same. They allege that the prohibition attempted by the Act of November 21, 1918, will be ruinous to their business and property (1) because it will prevent the sale within the United States of a large amount of wine already manufactured; (2) because their vineyards and plant will be rendered valueless and their business broken up.

Samuel Seabury, of New York City (Samuel Seabury, John Z. Lowe, L. Hamilton Rainey, and George Trosk, all of New York City, of counsel), for complainants.

Francis G. Caffey, U. S. Atty., of New York City (Earl B. Barnes, Asst. U. S. Atty., of New York City, of counsel), for defendants.

AUGUSTUS N. HAND, District Judge (after stating the facts as above). Under the decision of the Circuit Court of Appeals of this Circuit, in the recent case of Jacob Hoffmann Brewing Co. v. McElli-

gott, Acting and Deputy Collector of Internal Revenue, etc., and Francis G. Caffey, United States Attorney, etc., 259 Fed. 525, —— C. C. A. ——, this court would apparently have jurisdiction of both of the defendants. Here the complainants sue upon the ground that the act under which the defendants are proceeding is wholly unconstitutional. In the Jacob Hoffmann Brewing Company Case the court reversed a preliminary injunction restraining the United States attorney upon the ground that jurisdiction did not lie where he was attempting to proceed under a valid act and his interpretation of the act was the only thing in question.

The Circuit Court of Appeals, in the last-named case, expressly held the Act of November 21, 1918, constitutional, although I understand that the argument was made in the Circuit Court of Appeals, and it was certainly made in the District Court, that no war emergency then existed. Counsel for the complainant said in their brief filed before me:

"So in the case at bar the test is whether or not an emergency or necessity *now exists* which warrants the government in enforcing the prohibitions of the Act of November 21, 1918, against these complainants to the destruction of their very valuable property and their several businesses with the inevitable and uncontroverted consequence of incalculable damage. No such war emergency *now exists*."

I also, in my opinion in that case, suggested that the question of constitutionality depended upon whether prohibition of the liquor traffic—

"bears any substantial relation to the conduct of the war, either in contributing to the support of armies or to their safe and efficient demobilization."

I think the valid exercise of the war power depends, not merely upon whether the means employed is adapted to aid in the immediate prosecution of the war, but also whether it can be said to have any substantial relation to conditions directly growing out of the termination of hostilities. So long as the treaty of peace is not ratified there is some chance of the resumption of hostilities, though I place but the slightest weight upon this. A war emergency, however, of serious import arises in respect to the period of demobilization. During that period there has been and still is a stream of enlisted men coming into and remaining within the United States. The great stimulus engendered by the popular excitement which attended the war and by an expectation of having to combat the country's foes has disappeared, and a more or less purposeless and dull routine has followed as the inevitable lot of the young soldiers. Under such circumstances, men are especially subject to all the temptations which a lack of definite purpose, as well as a certain relaxation of discipline, are likely to entail. During the same period the country has been filled with other men but recently discharged from military service, a considerable number of whom are said in the moving papers before me to lack employment.

There is, besides all this, the general restlessness which has apparently always followed the termination of a great war. Under such circumstances it can strongly be argued that the free use of stimulants may have peculiar dangers to the community. At all events, I do not

see how it can be fairly said that no emergency exists directly growing out of the war, or that such emergency may not be affected by such a thing as the liquor traffic. Whether such a drastic prohibition law as that of November 21, 1918, is a means which ought to have been employed to deal with such a situation may be doubted, but for a court to say that the legislation in question has no substantial basis in fact is going altogether too far. Congress (and not the court) has the sole right to determine how to deal with this emergency, providing its determination, however differing from the judgment of the court, is not without a substantial basis in fact. Not only is there lack of judicial power to deal with the situation, except within the foregoing narrow limits, but it is practically very important that it be thoroughly understood that the responsibility for legislation enacted by virtue of any power inherent in Congress rests absolutely with that body, and cannot be shifted to the courts, because the public, or some portion thereof, may afterwards think the legislation unwise.

Certain recitals in the Act of March 21, 1918, indicate that the object was to increase efficiency in the production of supplies and to conserve the man power of the nation for the war itself; but Congress in enacting a law is not necessarily limited to the purposes recited in the preamble, though they doubtless have a most important bearing upon the construction of the act. I think it plain from the terms of the act that Congress had among its objects the regulation of the liquor traffic during the period of demobilization. That was a critical period; more critical in some respects than that of active hostilities. If Congress thought that drastic prohibition during a time when there would probably be considerable lack of employment and restlessness would be advantageous, it was within the war power, in my opinion, for it to adopt legislation which would care for these conditions, arising so immediately out of the war itself, in ways it deemed most effective.

After full arguments, and after reading the interesting brief submitted by counsel for the complainants, I do not find that the position they take has sufficient basis to require any further reply from the government. The motion for a preliminary injunction is denied.